**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

**MARIA WADE**                                                                          **Plaintiff**

v.                                                                 **Civil Action No. 1:05CV236-GHD-EMB**

**JO ANNE B. BARNHART,**
**Commissioner of**
**Social Security**                                                                        **Defendant**

## REPORT AND RECOMMENDATION

Plaintiff, Maria Wade, seeks judicial review pursuant to Section 405(g) of the Social Security Act (the "Act") of an unfavorable final decision of the Commissioner of the Social Security Administration (the "Commissioner"), regarding her applications for disability benefits under Title II and Supplemental Security Income under Title XVI. The matter has been referred to the undersigned United States Magistrate Judge for issuance of a report and recommendation.

**Procedural History**

Plaintiff filed applications for disability benefits under Title II and Supplemental Security Income under Title XVI, alleging a disability onset date of November 30, 2002. (Tr. 46-48, 301-303). The applications were denied initially and upon reconsideration. (Tr. 21-29, 31-33, 304-305).

In a hearing decision dated July 25, 2005, an administrative law judge ("ALJ") found that Plaintiff was not disabled as defined in the Social Security Act. (Tr. 11-19). The ALJ's hearing decision became perfected as the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review on August 26, 2005. (Tr. 4-6). The ALJ's final hearing decision is now ripe for review under section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

## Facts

Plaintiff was born February 26, 1963, and was 42 years of age at the time of the hearing decision on July 25, 2005. (Tr. 11, 19, 46). She completed high school and previously worked as a drill press operator, machine operator, process technician, and a hospital ward secretary. (Tr. 61, 65, 80). Plaintiff alleged she could no longer work due to back pain and anxiety. (Tr. 60). However, after a careful review and evaluation of the medical evidence of record, the subjective testimony at the hearing, (Tr. 309-26), and the testimony of a vocational expert, (Tr. 326-29), the ALJ found Plaintiff was not disabled. (Tr. 11-19). The ALJ concluded Plaintiff had the residual functional capacity ("RFC") to perform a significant range of sedentary work activity. (Tr. 18). The ALJ found Plaintiff could lift and carry ten pounds occasionally and sit for up to six hours in an eight-hour work day allowing for alternating of position four to five times per hour. *Id.* The ALJ further found Plaintiff could stand and walk for up to two hours in an eight-hour work day. *Id.* It was determined Plaintiff could not bend, push or pull and could work only on level surfaces. *Id.* He also found plaintiff could perform frequent, but not constant or repetitive, reaching, handling and fingering with her upper extremities. *Id.* Finally, the ALJ found that due to pain and anxiety, plaintiff was only capable of carrying out, understanding and remembering simple instructions. *Id.* Based on this RFC and the testimony of a vocational expert, the ALJ found there existed work in the national economy that Plaintiff could perform, including the jobs of charge account clerk, cashier/order clerk and surveillance system monitor. (Tr. 19, 326-27).

## Standard of Review

This Court reviews the Commissioner's/ALJ's decision only to determine whether it is supported by "substantial evidence" on the record as a whole and whether the proper legal standards were applied. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a

conclusion.'" *Id.* (citing *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971)). Furthermore, in applying the substantial evidence standard, this Court scrutinizes the record to determine whether such evidence is present. This Court will not re-weigh the evidence, try the issues *de novo*, or substitute its judgment for that of the Commissioner. *Id.*, citing *Haywood v. Sullivan*, 888 F.2d 1463, 1466 (5th Cir. 1989); *see also Myers v. Apfel*, 238 F.3d 617, 619 (5th Cir. 2001).

## Law

To be considered disabled and eligible for benefits, Plaintiff must show that she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has promulgated regulations that provide procedures for evaluating a claim and determining disability. 20 C.F.R. §§ 404.1501 to 404.1599 & Appendices, §§ 416.901 to 416.998 1995. The regulations include a five-step evaluation process for determining whether an impairment prevents a person from engaging in any substantial gainful activity.[1] *Id.* §§ 404.1520, 416.920; *Greenspan v. Shalala*, 38 F.3d 232, 236

---

[1]The five-step analysis requires consideration of the following:

First, if the claimant is currently engaged in substantial gainful employment, he or she is found not disabled. 20 C.F.R. §§ 404.1520(b), 416.920(b).

Second, if it is determined that, although the claimant is not engaged in substantial employment, he or she has no severe mental or physical impairment which would limit the ability to perform basic work-related functions, the claimant is found not disabled. *Id.* §§ 404.1520(c), 416.920(c).

Third, if an individual's impairment has lasted or can be expected to last for a continuous period of twelve months and is either included in a list of serious impairments in the regulations or is medically equivalent to a listed impairment, he or she is considered disabled without consideration of vocational evidence. *Id.*

3

(5th Cir. 1994); *Moore v. Sullivan*, 895 F.2d 1065, 1068 (5th Cir. 1990). The five-step inquiry terminates if the Commissioner finds at any step that the claimant is or is not disabled. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995).

The claimant has the burden of proof under the first four parts of the inquiry. *Id*. If she successfully carries this burden, the burden shifts to the Commissioner to show that other substantial gainful employment is available in the national economy, which the claimant is capable of performing. *Greenspan*, 38 F.3d at 236; *Kraemer v. Sullivan*, 885 F.2d 206, 208 (5th Cir.1989). When the Commissioner shows that the claimant is capable of engaging in alternative employment, "the ultimate burden of persuasion shifts back to the claimant," *Id*.; *accord Selders*, 914 F.2d at 618.

The Court "weigh[s] four elements of proof when determining whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) the claimant's subjective evidence of pain and disability;

---

§§ 404.1520(d), 416.920(d).

Fourth, if a determination of disabled or not disabled cannot be made by these steps and the claimant has a severe impairment, the claimant's residual functional capacity and its effect on the claimant's past relevant work are evaluated. If the impairment does not prohibit the claimant from returning to his or her former employment, the claimant is not disabled. *Id*. §§ 404.1520(e), 416.920(e).

Fifth, if it is determined that the claimant cannot return to his or her former employment, then the claimant's age, education and work experience are considered to see whether he or she can meet the physical and mental demands of a significant number of jobs in the national economy. If the claimant cannot meet the demands, he or she will be found disabled. *Id*. §§ 404.1520(f)(1), 416.920(f)(1). To assist the Commissioner at this stage, the regulations provide certain tables that reflect major functional and vocational patterns. When the findings made with respect to claimant's vocational factors and residual functional capacity coincide, the rules direct a determination of disabled or not disabled. *Id*. § 404, Subpt. P, App. 2, §§ 200.00-204.00, 416.969 (1994)("Medical-Vocational Guidelines").

and (4) his age, education, and work history," *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995). "The Commissioner, rather than the courts, must resolve conflicts in the evidence." *Id*.

## Analysis

Plaintiff's Brief in support of this appeal of the Commissioner's decision mainly sets forth general unsupported allegations regarding errors committed by the ALJ. However, the Court finds at least three assertions made by Plaintiff warrant discussion: 1) the services of a VE did not include documented psychological complaints of Plaintiff and the hypothetical situations presented to the VE failed to include Plaintiff's limitations and medication related to her depression and anxiety; 2) the ALJ focused primarily on medical evidence covering the early period of treatment in 2003 rather than the overall medical evidence, including an October 2004 diagnosis made by Dr. Mays; and 3) the ALJ considered Plaintiff's credibility questionable even though she sought medical treatment on a consistent basis. *See* Plaintiff's Brief at p.2. Having duly considered the record, I find the foregoing contentions without merit for the reasons set out below.

   *Issue 1*

Plaintiff suggests the hypothetical questions presented to the VE were flawed because they failed to include Plaintiff's psychological limitations and the side effects of medication related to her depression and anxiety. The record reveals that this assertion is erroneous. When a hypothetical question reasonably incorporates all of the 'disabilities' found by the ALJ, and claimant's representative was provided an opportunity to "correct any defect" about additional limitations, the hypothetical question is sufficient. *See Bowling v. Shalala*, 36 F.3d 431, 436 (5th Cir.1994).

In this case, the ALJ concluded Plaintiff had the RFC to perform a significant range of sedentary work activity limited by, *inter alia*, her inability to perform such postural activities as

5

bending, pushing and pulling and by her ability to follow only simple instructions. (Tr. 326). These limitations are supported by the objective medical evidence of record and were all included in the ALJ's first hypothetical question to the VE. *Id*. However, in posing this hypothetical, the ALJ expressly instructed the VE to disregard Plaintiff's subjective testimony. *Id*. The ALJ so instructed the VE because he found Plaintiff's testimony regarding the severity of her limitations and the side effects related to her medication to be less than credible. (Tr. 14-15). And, based on the limitations found by the ALJ, the VE concluded Plaintiff could perform other work. (Tr. 326-27). Notwithstanding, the ALJ posed another hypothetical wherein he instructed the VE to assume that all of Plaintiff's subjective testimony was true; and, naturally, the VE opined Plaintiff would be unemployable with such limitations. (Tr. 327). Ultimately, when given an opportunity to challenge the ALJ's hypotheticals, Plaintiff's attorney merely sought to add to the second hypothetical the fact that Plaintiff's explanation of her pain was real as noted by her pain management doctor. (Tr. 329-30). In light of the foregoing, I find the hypothetical questions presented by the ALJ were sufficient, and no error was committed.

*Issue 2*

Plaintiff claims the ALJ failed to consider the entire record of medical evidence, including findings made by Dr. Kit Mays in 2004. A simple reading of the ALJ's opinion, however, proves this argument is without merit. The ALJ expressly discussed Plaintiff's pain management treatment under the care of Dr. Mays. (Tr. 13-15). As pointed out by the ALJ, this treatment lasted a little less than a year. (Tr. 13). The ALJ also noted that though Plaintiff was undergoing pain management treatment, that treatment remained conservative. (Tr. 15). Finally, the ALJ pointed to inconsistencies in Dr. Mays's findings. *Id*. Though Dr. Mays had indicated that Plaintiff's complaints of pain were real, Dr. Mays was unable to point to any objective findings supporting the severity of Plaintiff's pain. *Id*. "'[T]he Commissioner is free to reject

6

the opinion of any physician when the evidence supports a contrary conclusion.'" *Martinez v. Chater,* 64 F.3d 172, 176 (5th Cir. 1995) (*quoting Bradley v. Bowen*, 809 F.2d 1054, 1057 (5th Cir.1987)); *see also* 20 C.F.R. § 404.1527(c)(2) ("If any of the evidence in your case record, including any medical opinion(s), is inconsistent with other evidence or is internally inconsistent, we will weigh all the other evidence and see whether we can decide whether you are disabled based on the evidence we have ."). Based on the foregoing, issue two is also without merit.

*Issue Three*

Lastly, Plaintiff contends the ALJ erred because he found her testimony less than credible despite evidence that she consistently sought medical treatment. The ALJ's findings regarding the debilitating effect of subjective complaints are entitled to considerable judicial deference. *James v. Bowen*, 793 F.2d 702 (5th Cir.1986).

In this case, the ALJ considered all the relevant evidence. The ALJ's opinion shows he considered Plaintiff's subjective complaints and found them to be less than credible because they conflicted with her own report of her daily activities. (Tr. 15). Moreover, there is very little to no objective medical evidence supporting the alleged severity of Plaintiff's pain and the alleged degree of her mental and psychological impairments. *Id.* An ALJ is in the best position to determine if a plaintiff's subjective complaints are exaggerated and not credible, especially if the ALJ finds the medical evidence more persuasive than a plaintiff's own testimony. *Falco v. Shalala*, 27 F.3d 160, 164 (5th Cir.1994). As such, the Court must defer to the ALJ's credibility finding.

## **Recommendation**

For the foregoing reasons, it is my recommendation that the decision of the Commissioner be affirmed.

The parties are referred to Local Rule 72.2(D) for the applicable procedure in the event

any party desires to file objections to the findings and recommendations herein contained. The parties are warned that any such objections are required to be in writing and must be filed within ten days of this date. Failure to timely file written objections to the proposed findings, conclusions and recommendations contained in this report will bar an aggrieved party, except upon grounds of plain error, from attacking on appeal unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

**SUBMITTED THIS**, the 8th day of March, 2007.

        **/s/ Eugene M. Bogen**
        **UNITED STATES MAGISTRATE JUDGE**